

FILED

FEB 1 2 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re                              )    Case No. 13-33513-E-13
                                   )    Docket Control No. DPC-1
MARLON HILL LAWAS and              )
REBECCA GARCIA LAWAS,              )
                                   )
                Debtors.           )
_____   )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION
### Determination of Fees for Debtors' Counsel

The court conducted an evidentiary hearing on the Trustee's Motion to Disgorge Attorneys' Fees on February 10, 2014. Jurisdiction for this Motion exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. ED Cal. Gen Order 182, 223. This Adversary Proceeding is a core matter arising under Title 11, including 11 U.S.C. §§ 329 and 526. 28 U.S.C. § 157(b)(2)(A).

The Chapter 13 Trustee moves the court for an order disgorging attorney fees from Yasha Rahimzadeh, attorney of record for the Debtors ("Counsel"), in this case pursuant to 11 U.S.C. §§ 329

& 526.  It is asserted that the fees received exceed the reasonable value of such services.  The Trustee argues that the Debtors' attorney has charged and received $2,250.00 and failed to properly prosecute the case.

The Trustee bases this motion on several facts.  First, the Debtors did not sign the petition.  Second, no wet or electronic signatures appear on the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys, which were filed on October 18, 2013. The Trustee states he is not certain if the Debtors ever reviewed it or understood the contents.  Debtors failed to commence plan payments to date and Debtors signed the proposed plan filed October 30, 2013.

Third, the Trustee states that on December 10, 2013, Debtors' Counsel sent an email to their office stating that Debtors experienced a financial emergency in November and were unable to provide a payment to their office.  Debtors sought a "wavier of the requirement to make such a payment" and requested the payment due date be moved to the 30th of the month.  Trustee states that Counsel was advised that all payments are due on the 25th of the month on all cases and that if Debtors are unable to make the payment, the plan may be amended.  Debtor responded, "In light of the Trustee's decision denying the Debtors' requests for a waiver of their November payment and change of their future payment dates, Debtors have indicated that they will not be able to provide plan payments. As such, they have also indicated that they will not oppose a dismissal of the above-referenced bankruptcy proceeding."

Trustee seeks an order disgorging attorney fees in the full amount of $2,250.00 in this case.

2

**OPPOSITION**

Debtors' Counsel opposes the motion on the grounds that he properly advised the Debtors of their responsibilities. Counsel states that the fact that Debtors were unable to comply with the requirements is not the fault of Counsel.

Counsel states that the electronically submitted document does not have signatures on it by provides exhibits, which he states the Debtors had the opportunity to review and executed.

Counsel argues that after being informed of the Trustee's decision denying Debtors' requests for a waiver of their November Plan payment and adjustment of their future Plan payment dates, Debtors voluntarily decided to allow their case to be dismissed. Furthermore, Counsel argues that in light of the Debtors' inability to provide timely Plan payments, Counsel could not successfully either amend the Debtors' Plan or oppose the Trustee or a creditor's objection to confirmation of Debtors' Plan.

Lastly, Counsel states the retainer of $2,250.00 is reasonable for the amount of work completed. This includes over an hour meeting with Debtors obtaining information necessary to determine their option, explaining benefits, and determining which Chapter of the Bankruptcy Code to seek relief. Counsel states he spent several hours drafting the Debtors' voluntary petition and the accompanying documents, communicating with Debtors to obtain the information necessary to complete the documents. Counsel states he attended and represented the Debtors at the meeting of creditors in this case.

Counsel does not provide a detailed billing statement for the time spent on this case.

3

### SUPPLEMENTAL PLEADINGS AND EVIDENCE
### PRESENTED AT EVIDENTIARY HEARING

At the hearing on the Motion set for the court's regular law and motion calendar, the Debtors requested that the court conduct an evidentiary hearing so that they could present their evidence. At the time of the evidentiary hearing the Debtors, while present, elected not to testify. The Debtors did advise the court that they were engaging the services of a different attorney to determine how to proceed.

At the Evidentiary Hearing testimony was provided by David Cusick, the Chapter 13 Trustee, and Counsel. The testimony was consistent with the declarations presented. The court accepted all of the declarations presented as Direct Testimony Statements for the Evidentiary Hearing. Local Bankruptcy Rule (L.B.R.) 9017-1. The testimony provided was clear and of assistance to the court on several points.

Counsel's testimony clarified that the chart provided for the task billing analysis (showing date, task, time, rate, and fees) was not a contemporaneous time record, but constructed from Counsel's calendar, notes, and file in this case. Declaration, Dckt. 55. The court uses the term "constructed" not as a negative term, but in recognition that counsel did not maintain contemporaneous time records. As is common with many consumer attorneys, Counsel generally bills his clients a fixed fee for the bankruptcy services provided. In Chapter 13 cases, the Local Bankruptcy Rules provided for a Fixed Fee (commonly called a "no-look fee") in the maximum amount of $4,000.00 for a non-business case and not more than $6,000.00 if the debtor has a business which

4

is part of the case.  L.B.R. 2016-1(c).

Counsel described his office as a "one-man shop," without any clerical or secretarial help.  That results in some of the time shown in the constructed time record in having clerical time purportedly being billed at $200.00 an hour.  Clearly that is not proper.  As discussed at the hearing, the Chapter 13 Fixed Fee of $4,000.00/$6,000.00 is allowed without regard to the actual billing.  The judges in this district determined that such was a fair "no-look" Fixed Fee for the "average" case.  Attorneys can elect such fee and avoid the cost and expense of maintaining time records and filing separate fee applications.  However, when in this type of situation, the court looks behind the fixed fee and considers the actual services provided in the case.

While Counsel repeated his comments that there were "technical defects" with respect to pleadings in this case, that characterization is incorrect.  As discussed below and show at the Evidentiary Hearing, multiple pleadings were filed by Counsel which were unsigned and did not have required "/s/ Signature" when a pleading did not have a digital-imaged signature on it.  L.B.R. 5005-1, 5005.5-1, 9004-1.  The failure to have signed documents filed is not a "technical defect."

Counsel testified that while he has been licensed as an attorney since 2004, he has not represented any debtor in a Chapter 13 case by himself.  While working at the Desmond law firm in Sacramento he assisted other attorneys.  The court's review of the files in this District disclose that while counsel has appeared in many bankruptcy cases (96), other than some adversary proceedings, all have been Chapter 7 cases.

5

The testimony at the Evidentiary Hearing also brought to light the Debtors' conduct and expectations in this case.    Counsel testified it was the Debtors who ultimately said they could not make the required payments and wanted the case dismissed.  At this time, the attorney-client relationship has ruptured and there is no professional communication occurring.

Though the testimony of counsel might be perceived as colored, the court's review of the Schedules, Statement of Financial Affairs, and proposed Chapter 13 Plans is not.    The Original Chapter 13 Plan (Dckt. 13) required a monthly plan payment of $5,390.60 a month for 60 months.  These payments were to be used to pay the mortgage on the Debtors' home and debts securing a 2009 Nissan Altima, 2010 Mercedes Benz E350, and a 2008 Mercedes Benz S550.    The Debtors were surrendering a fourth vehicle, a 2007 Mercedes Benz GL-450.    Creditors holding general unsecured claims were to receive a 76% dividend.

The Debtors filed an Amended Chapter 13 Plan (Dckt. 26) which reduced the monthly plan payment fo $4,644.00 for 60 months.    The Debtors continued to make the mortgage payment and the monthly plan payments for the 2009 Nissan Altima, 2010 Mercedes Benz E350, and 2008 Mercedes Benz S550.    They continued to surrender the 2007 Mercedes Benz GL-450.  The dividend for unsecured claims was dropped to 22%.

No plan was moved toward confirmation.  As discussed at the Evidentiary Hearing, Debtors defaulted in the Plan payments and failed to make payments.

The Schedules indicate that these Debtors are fortunate, having stable, well paying jobs.    Their monthly gross income is

6

$10,159.89 (both employed by the State of California).  Schedule I, Dckt. 1 at 36.  After deducting taxes and usual withholding, the Debtors' have a reported take-home income of $7,683.63.  The Debtors' Original Schedule J listed expenses (after removing the mortgage payment of $2,309.00 and vehicle payments of $2,203.00) of $2,383.00.  Schedule J, *Id.* at 37.  This resulted in a monthly net income of $5,300.63.  This was more than enough to fund the Original Chapter 13 Plan.

On December 10, 2013, the Debtors filed an Amended Schedule J which listed expenses of $3,033.00 (which excluded the mortgage and auto payments).  Dckt. 22.  The Debtors increased their other monthly expenses by $200.00 for clothing (to $200.00 a month), $300.00 for food (to $650.00 a month), $70.00 for home maintenance (to $70.00 a month).  With these increased expenses, the Debtors now showed Monthly Net Income of only $4,650.00 a month.

The Original and Amended Schedules J indicate debtors who have a flexible concept of expenses – meaning that expenses can be whatever they need to be to achieve our goal.  What also becomes clear is that for the two Debtors, retaining two Mercedes Benz and the Altima was more important than constructing a real budget and prosecuting a Chapter 13 Plan which they could afford.

On Schedule I the Debtors list as dependants a twenty-two year old daughter and a five month old granddaughter.  No information is provided as to income generated by the twenty-two year old daughter, any support received from the granddaughter's father, or the ability of the daughter to generate income for the family unit.  However, the Debtors seek to assert this five person family unit.

The court addressed at the hearing that this may well be a

7

situation where younger counsel not familiar with prosecuting Chapter 13 restructures did not have the experience or chutzpah to tell consumer clients that their expectations or goals were unreasonable.  These Debtors sought to use $4,216.44 of their monthly $7,683.63 take-home income (55%) just to pay for their mortgage and three cars.  This left little for everyday and emergency expenses.  It is no surprise that these Debtors could not make the plan payments necessary to fund such payments.

## DISCUSSION

This court has the authority, and responsibility, to consider attorneys' fees obtained or to be paid prior to or during a bankruptcy case.  11 U.S.C. §§ 329, 330, 331.  Fees in excess of the reasonable value of such services may be ordered repaid.  The application of 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure, may seem harsh, but are necessary to not only protect vulnerable consumers and business owners, but to protect the integrity of the federal judicial process.  *See Neben & Starrett v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. Cal. 1995).  Debtor's counsel must lay bare all its dealings regarding compensation and must be direct and comprehensive.  *See In re Bob's Supermarket's, Inc.*, 146 Bankr. 20, 25 (Bankr. D. Mont. 1992) *aff'd in part and rev'd in part*, 165 Bankr. 339 (Bankr. 9th Cir. 1993).  The burden is on the person to be employed to come forward and make full, candid, and complete disclosure.  *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228 (E.D. Cal. 1988).  The federal courts are not mere devices to be used to generate fees for attorneys irrespective of any *bona fide* rights to be adjudicated.

8

1   The court is not satisfied with the response of Counsel. Even
2   if the court finds the testimony that Counsel reviewed and Debtors
3   properly signed the Rights and Responsibilities, petition and plan,
4   there appear to be other fundamental problems. The correspondence
5   provided by Counsel, namely the email sent to Debtors regarding the
6   Trustee's "rejection of the request to waive the required payment
7   for November and to change the plan payment date" shows Counsel's
8   misunderstanding of the Bankruptcy Code and Rules. Exhibit,
9   Dckt. 63. Counsel only relayed that the payment had to be made and
10  made no mention of the possibility to amend the plan and possibly
11  reduce the plan payment (the court notes that the initial plan
12  called for 76% to unsecured claims which could have been reduced).
13  The response from the Debtors shows one of their reasons for
14  allowing the case to be dismissed is that they could not come up
15  with the November payment. Exhibit, Dckt. 64.

16      Further, Counsel's response indicates a lack of knowledge
17  about the local rules. Local Bankruptcy Rule 3015-1(f)(1) provides
18  that the plan payments shall be made monthly and **must** be received
19  by the Trustee on the twenty-fifth (25th) day of each month. Local
20  Bankr. R. 3015-1(f)(1)(emphasis added). The local rules do not
21  allow the Trustee to alter the payment date. Additionally, a
22  modification of the plan (pursuant to 11 U.S.C. § 1329 and Local
23  Bankruptcy Rule 3015-1(d)) is allowed in order to make up missed
24  payments (with language in the Additional Provisions section
25  disclosing the distribution of payments).

26      In reviewing the various documents and arguments, there
27  appears to be a clear misunderstanding of the Chapter 13 Plan
28  process and required payments from Debtors. Debtor payments must

9

1  be made by the 25th day of each month.    L.B.R. 3015-1(f)(1).
2  Counsel argues that the Debtors could not make the payments until
3  the 30th of the month, and so the request was made of the Trustee
4  to give these Debtors a different payment date.    The Trustee
5  refused to create a *sui generis* plan payment date for these
6  Debtors, and noted for Counsel that the proposed plan would have to
7  be amended as the Trustee could not ignore a defaulted payment.

8      At this juncture the Debtors and Counsel could have simply
9  modified the plan to have the payments start with the first month
10 after the first monthly plan payment otherwise would have been due.
11 Thus, when the Debtors make a payment on the 30th day of a month,
12 that payment applied to the payment due on the 25th day of the next
13 month.    This did not occur, with the Debtors and Counsel instead
14 walking away from the bankruptcy case.

15      The reason that modification was not possible is that the
16 Debtors were proceeding down a "fools' budget," focused on
17 maintaining ownership of two Mercedes Benz and the Altima
18 ($1,819.67 a month), while throwing $2,496.77 a month at their
19 mortgage.  While Counsel did the Debtors' bidding, it did not, and
20 could not, end successfully.    Both Debtors and Counsel share
21 responsibility for the failure in this case.  All attorneys suffer
22 cases like this, in which the desire to fulfill the clients' wishes
23 overwhelm good sense and reality.    Consumers with substantial
24 income, such as these, often ignore economic reality and believe
25 that they can just continue spending money, drive luxury cars, and
26 keep their home, with a Chapter 13 bankruptcy not impinging on
27 their lifestyle.

28      Counsel has not provided detailed, contemporaneous time

10

records in order for the court to properly determine if the time spent is reasonable. Based on the information provided in Counsel's opposition as to the time spent, the court determines Counsel spent approximately 5.5 hours in meeting with and analyzing the Debtors' circumstances, preparing the bankruptcy documents and attending the 341 meeting. This is a reasonable amount of time for the services provided in this case. With the retainer provided of $2,250.00, this equates to an hourly rate of approximately $410.00 per hour. The court finds this rate unreasonable in light of Counsel's skill and knowledge of Chapter 13 bankruptcy.

Further, Local Bankruptcy Rule 2016-1(c)(4) provides that in a Chapter 13 case if the plan is not confirmed, counsel for the debtor may not be paid more than 50% of the fees which were contracted for to prosecute the case, absent further order of the court. No such further order of the court has been issued in this case. The Disclosure of Compensation states that counsel agreed to accept $4,000.00 for the fees in this case, getting the Debtor through confirmation and entry of discharge. Dckt. 1 at 40.

Counsel did provide some services for which he should be compensated. The Debtors got what they wanted, a shot at keeping it all through a Chapter 13 bankruptcy "restructure." It did not end successfully. Sometimes clients gamble unwisely.

The court finds $250.00 an hour a more appropriate rate for counsel and the knowledge of Chapter 13 bankruptcies shown in this case.[1] Allowing counsel the full 53.5 hours (which in light of

---

[1]  Though Counsel testifies that if he were to bill hourly he would bill $200.00, the court does not reduce the rate from that stated in the tentative ruling of $250.00 an hour. For the 5.5 hours of time, a $250.00 rate is not unreasonable. At $200.00 an hour, the

what has transpired in this case may be generous) the court finds
that fees of $1,375.00 are appropriate pursuant to 11 U.S.C.
§ 329(b).  The remainder of the attorney fees, $875.00 are ordered
to be disgorged, paid to the Chapter 13 Trustee, and the Chapter 13
Trustee disburse the full $875.00 to the Debtors.

Dated: February/2, 2014

RONALD H. SARGIS, Judge
United States Bankruptcy Court

---

$1,375.00 in fees represents 6.875 hours, not an outrageous number.

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

      **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), **and** __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814